# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TERELL MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00043 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ADAM CROUSE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Terell Moore, Pro Se Plaintiff.*

The plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, contending that, after his conviction and appeals, local law enforcement officers violated his due process rights by destroying without notice certain biological evidence related to his criminal trial. The court filed the action on condition that the plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while the plaintiff has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice as legally frivolous.

I

Plaintiff Terell Moore was convicted by a jury in the Circuit Court for Tazewell County, Virginia, for the first degree murder of Brandi Hatfield, and the

court sentenced him on June 27, 2005, to life in prison. Moore completed all of his state direct appeals on December 12, 2006, and unsuccessfully sought habeas corpus relief in state court.

Moore filed a timely petition for a writ of habeas corpus in this court in 2008, raising numerous claims. His petition was denied, and Moore's appeal was unsuccessful. *Moore v. Johnson*, No. 7:08CV00526, 2009 WL 2474101 at *1 (W.D. Va. Aug. 12, 2009), *appeal dismissed,* 372 F. App'x 433 (4th Cir. 2010) (unpublished), *cert. denied*, 131 S. Ct. 915 (2011).

On March 9, 2011, Moore filed motions in the state trial court seeking to preserve all human biological evidence from his trial for additional scientific analysis.[1] At a hearing on Moore's motions on January 31, 2012, Adam Crouse, an evidence custodian for the Tazewell County Sheriff's Office, testified that pursuant to an order of destruction by the sheriff dated April 13, 2009, Crouse had burned all such evidence the next day. (Compl. Ex. C, at 4.)[2]

The deputy sheriff who sought the order stated on the written request for the order that Moore's case was closed. He requested permission to destroy the following items of evidence from Moore's trial: a brown envelope, a rug, and four

---

[1] Moore does not state what biological evidence he wished to have tested or explain its potential significance to his conviction or sentence.

[2] Moore filed a copy of the state court hearing transcript with his Complaint, along with a copy of the Order of Destruction.

boxes, including two sealed boxes. Crouse testified that he did not know what was inside the sealed evidence boxes, but had witnessed their destruction. The prosecutor verified that neither the state police nor the state crime laboratory had retained any items of evidence from Moore's trial. At the close of the hearing, the judge stated,

> I will have to obviously rule that there is no evidence available to be tested, and has not been since, in fact, your client filed his motion before the Court so in effect I am denying, but it is based upon the fact that I have nothing to provide or to be tested at this time.

(Compl. Ex. C, at 8.)

In his present Complaint, Moore sues the sheriff and his deputies for destroying the evidence without prior notice and Tazewell County for failing to train these officials to protect inmates' procedural and substantive due process rights. With notice, Moore states, he would have alerted officials that his federal habeas proceedings had not yet concluded and would have requested preservation of all biological evidence for further testing. Moore seeks monetary and declaratory relief.

II

The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or based on "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a cause of action under §1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). If biological evidence from Moore's trial still existed, he could bring a due process claim under § 1983 asking to access the evidence for purposes of conducting scientific tests on the material with hopes of proving himself innocent. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (allowing § 1983 action claiming liberty interest in "utilizing state procedures to obtain reversal" of plaintiff's conviction or to seek pardon or sentence reduction, based on DNA testing of biological evidence used for conviction).

In light of *Skinner,* I will presume for present purposes that Moore had a protected interest in testing the biological evidence related to his criminal conviction. However, because Moore has failed to demonstrate that any defendant acted in bad faith to deprive him of access to the evidence, however, I find that his allegations do not provide the factual basis for a due process claim under § 1983.

Where state officials fail to "'preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant[,]'" their actions do not violate due process "'unless a criminal defendant can show bad faith on the part of the police.'" *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004) (emphasis omitted) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988)). Negligent destruction of the evidence is not sufficient to fulfill the "bad faith" element. *Youngblood*, 488 U.S. at 58. Furthermore, a showing of bad faith is required even if the defendant had made requests for preservation of the evidence before officials destroyed it and it was central to either side of the case. *Fisher*, 540 U.S. at 548-49. Where officials have destroyed potentially exculpatory evidence while acting "in good faith and in accord with their normal practice" and with "no allegation of official animus towards respondents or of a conscious effort to suppress exculpatory evidence," their actions do not violate the defendant's constitutional rights. *California v. Trombetta*, 467 U.S. 479, 488-89 (1984) (internal quotation marks and citation omitted).

Moore's allegations simply do not indicate any bad faith related to the destruction of the biological evidence in his case, as required for his due process claim. Moore has stated no facts suggesting that the defendant officials "intentionally [acted] to gain some tactical advantage over [the defendant,]"

*Youngblood*, 488 U.S. at 57 (internal quotations marks and citation omitted), or destroyed the evidence items from his case in "a conscious effort to suppress exculpatory evidence." *Trombetta*, 467 U.S. at 488. I cannot rest a finding of bad faith on officials' failure to verify the status of Moore's legal proceedings in August 2009, because even if negligent, it is not sufficient to support a constitutional claim. *See Youngblood*, 488 U.S. at 58.

Indeed, Moore cites no constitutional or statutory authority providing that, without a court order, law enforcement agencies have a duty to preserve trial evidence after the defendant has completed his direct state appeals, and I find none.[3] Because Moore's allegations do not support a constitutional claim against the officials or against the county for failing to train them, I must dismiss his Complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

---

[3] Virginia law provides that a convicted felon may move for preservation of human biological evidence related to his felony criminal proceedings for up to fifteen years or longer, with court approval. Va. Code Ann. § 19.2-270.4:1 (2008). Because Moore did not bring his motion to preserve the evidence until after it had been destroyed, however, I cannot find that the defendants violated this statute. Moreover, the defendants' actions were not inconsistent with a prior opinion of the Attorney General of Virginia. Op. Va. Att'y Gen., No. 03-094, 2003 WL 22680745 (Oct. 31, 2003). In response to an inquiry about how long a circuit court clerk must maintain human biological evidence in a non-capital case when a defendant did not make a motion to preserve human biological evidence, the Attorney General concluded that "[t]he court may order the donation or destruction of human biological evidence received in a criminal case on appeal after all *appellate* remedies have been exhausted." *Id.* (emphasis added). Tazewell County officials waited almost four years after the Supreme Court of Virginia had upheld Moore's conviction on appeal before destroying the evidence he now seeks.

A separate Final Order will be entered herewith.  The clerk will send a copy of that Final Order and this Opinion to the plaintiff.

        DATED:  April 14, 2014

        /s/  James P. Jones
        United States District Judge